(C.D. 3818)

ELIAS & FIOL, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 1, 1969)

*Victor A. Coll* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

ROSENSTEIN, Judge: This case involves the proper tariff classification of 1,500 bags, 100 pounds net each, of white or Irish potatoes entered January 20, 1965 under consumption entry number 12232, and 600 bags, 100 pounds net each, of such potatoes entered January 21, 1965 under consumption entry number 12293, at San Juan, Puerto Rico. The potatoes were assessed for duty as entered, as "Potatoes, white or Irish: * * * Other than such certified seed: * * * Other," under item 137.28 of the Tariff Schedules of the United States (TSUS) at 75 cents per 100 pounds, the quota for such merchandise having been filled.

Plaintiff contends that the merchandise is properly dutiable under item 137.20 at 37½ cents per 100 pounds under the provision therein for "Potatoes, white or Irish: Seed, certified by a responsible officer or agency of a foreign government in accordance with official rules and regulations to have been grown and approved especially for use as seed, in containers marked with the foreign government's official certified seed potato tags: For not over 114,000,000 pounds entered during the 12-month period beginning September 15 in any year".

At the hearing it was stipulated by counsel for the parties herein that—

> * * * subsequent to liquidation and prior to the closing of the quota on seed potatoes the plaintiff presented to the then Collector of Customs certification by a responsible officer or agency of the Canadian Government that the 600 bags of imported potatoes entered in customs and consumption entry 12293, and 500 of the 1,500 bags entered in consumption entry 12232 of imported potatoes were grown and approved especially for use as seed;

and that—

> * * * at the time of the importations 1,100 bags of the 2,100 bags of potatoes involved herein were in containers marked with the

Canadian Government's certified seed potato tags, and if the Collector of Customs had had the certification of the responsible officer or agency of the Canadian Government at the times of entry he would have permitted entry of the 600 bags in consumption entry 12293 and 500 of the 1,500 bags in consumption entry 12232 as "potatoes, white or Irish seed, certified by the responsible officer or agency of a foreign government in accordance with official rules or regulations to have been grown and approved especially for use as seed, in containers marked with the foreign government's certified potato tags" under TSUS item 137.20, and liquidated those bags with duty at 37.5 cents per 100 pounds, 114 million pounds of seed potatoes not having been entered as of January 21, 1965;

It was further stipulated that plaintiff limit its claim to reclassification of 1,100 bags of the imported merchandise under TSUS 137.20 at 37½ cents per 100 pounds.

The case was submitted upon the foregoing stipulation. Subsequently, defendant requested to be relieved from filing a brief, reiterating the terms of the stipulation entered into.

Accepting this stipulation as evidence of the facts, we hold that the claim in the protest with respect to 500 bags of white or Irish potatoes in consumption entry 12232 and 600 bags of such potatoes in consumption entry 12293 are dutiable at 37½ cents per 100 pounds under item 137.20 as white or Irish seed potatoes, certified by a responsible officer or agency of a foreign government in accordance with official rules and regulations to have been grown and approved especially for use as seed, in containers marked with the foreign government's official certified seed potato tags, 114,000,000 pounds of seed potatoes not having been entered as of January 21, 1965. As to all other claims and merchandise, the protest is overruled.

Judgment will be entered accordingly.